UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBIE'S LLC and AMAR S. MATHFALLU,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST AMERICAN TITLE COMPANY,<br><br>Defendant. | No. 1:18-cv-01052-DAD-SKO<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS<br><br>(Doc. Nos. 27, 29) |
| FIRST AMERICAN TITLE COMPANY,<br><br>Cross-claimant,<br><br>v.<br><br>WELLS FARGO BANK, N.A. and UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>Cross-defendants. | |

This matter is before the court on motions to dismiss cross-claimant First American Title Company's ("First American's") third-party first amended complaint ("FAC") against Wells Fargo Bank, N.A. ("Wells Fargo") and the U.S. Small Business Administration ("SBA"). (Doc. Nos. 27, 29.) On April 16, 2019, those motions came before the court for hearing. Attorney

1

Dana Andreoli appeared on behalf of First American, attorney John Campbell appeared on behalf of Wells Fargo, and attorney Lynn Trinka Ernce appeared on behalf of SBA. Having considered the parties' briefing, and for the reasons set forth below, the court will grant the motions to dismiss.

## BACKGROUND

This action primarily concerns a failed attempt to refinance a commercial loan on real property. On January 23, 2006, David D. Moscovic and Linda S. Moscovic, who at the time owned property at 222 Sutter Street, Stockton, California ("the Property"), borrowed $146,000 from the SBA through the San Joaquin County Certified Development Corporation ("SJCCDC") (the "SBA Loan"). (*See* Doc. No. 32-1 at 5–14.) The SBA Loan was secured by a Deed of Trust in favor of the SJCCDC for the benefit of the SBA (the "SBA Deed of Trust"). (*Id.*) According to the complaint filed in Stanislaus County Superior Court against First American, plaintiff Mathfallu purchased the Property in February 2014 and retained First American to serve as the escrow and title company for the transaction. (Doc. No. 1 ("Compl.") at 5.) Mathfallu obtained a loan from Socotra Capital (the "Socotra Loan") to fund the purchase. (*Id.*) The terms of the Socotra Loan stated that the interest would be prepaid for the first two years, and the loan would mature after three years. (*Id.*)

In August 2014, Mathfallu transferred the property to Rubie's LLC ("Rubie's"), of which he is a 100 percent owner. (*Id.*) Rubie's attempted to refinance the Socotra Loan at the end of 2016, and in doing so, opened escrow with Chicago Title Company. (*Id.*) In that process, Rubie's and Mathfallu discovered a lien for $146,000 in favor of the SJCCDC that remained on the title to the Property. (*Id.*) Despite having located new financing to pay off the Socotra Loan, the new lender refused to complete the financing due to the SJCCDC lien. (*Id.*) Mathfallu contacted Socotra about this issue, which, on behalf of Rubie's and Mathfallu, made a demand on First American to clear the lien. (*Id.* at 6.) According to the first amended third-party complaint filed in this action, First American then paid SBA and Wells Fargo $108,736.75 in full satisfaction of the SBA Loan, but SBA and Wells Fargo failed to reconvey the SBA Deed of Trust. (Doc. No. 20 ("FAC") at ¶ 6.) Accordingly, First American failed to clear the lien.

(Compl. at 6.) Shortly thereafter, in March 2017, Rubie's and Mathfallu paid a loan extension fee to extend the maturity date on the Socotra Loan by ninety days to allow time for First American to clear the title to the property. (*Id.*) However, First American was unsuccessful in clearing the lien within the ninety-day period. (*Id.*)

On June 12, 2017, Socotra filed a notice of default and instituted foreclosure proceedings. (*Id.*) Rubie's and Mathfallu were unable to pay off the Socotra Loan and were assessed $22,357.22 in late fees and $56,226.70 in interest. (*Id.*) Additionally, the tenant on the property refused to pay rent in the amount of $50,400 due to the foreclosure. (*Id.*) Rubie's and Mathfallu also paid a foreclosure postponement fee of $4,000, more than $10,000 in fees to Socotra, and incurred more than $10,000 in their own attorneys' fees during this process. (*Id.*) Finally, Rubie's and Mathfallu lost the opportunity to refinance the Socotra Loan at a six percent interest rate, and ultimately were forced to refinance it at a 12 percent interest rate. (*Id.*) Thereafter, Rubie's and Mathfallu filed suit against First American in the Stanislaus County Superior Court, alleging causes of action for breach of contract, breach of fiduciary duty, and negligence. (*Id.* at 6–8.)

First American filed a third-party complaint on May 23, 2018 in the same action, naming Wells Fargo and SBA as third-party defendants. (*Id.* at 10.) First American seeks indemnification from the SBA and Wells Fargo if it is found liable to Rubie's and Mathfallu for breach of contract, breach of fiduciary duty, and/or negligence. As stated in the FAC, First American alleges that any of its liability to Rubie's and Mathfallu "will arise solely by reason of [the SBA and Wells Fargo's] breach of contract, intentional or negligent conduct[.]" (FAC at ¶ 8.) In particular, First American relies on § 3(e) of the SBA Deed of Trust, which states that "[u]pon written request of Beneficiary stating that all sums secured hereby have been paid . . . Trustee shall reconvey, without warranty, the Property then held thereunder." (Doc. No. 32-1 at 8.) First American claims that this provision imposed on the SBA a duty to instruct the trustee to reconvey the SBA Deed of Trust, that the SBA failed to do so, and that this failure prevented First American from clearing the lien on the Property. (Doc. No. 32 at 6.)

/////

The original third-party complaint alleged causes of action for implied indemnification, equitable indemnification, and contribution against Wells Fargo and the SBA. (*Id.* at 12–15.) On August 6, 2018, the SBA removed the matter to this federal court under 28 U.S.C. § 1442(a)(1), and shortly thereafter, filed the first motion to dismiss. (Doc. Nos. 1, 8.)

After the court granted in part SBA's motion to dismiss that complaint (Doc. No. 18), First American filed a first amended third-party complaint on January 4, 2019. (Doc. No. 20) ("FAC"). The FAC alleges two causes of action against Wells Fargo and SBA: (1) implied indemnity, and (2) violation of California Civil Code § 2941. (FAC at ¶¶ 7–12.) On February 25, 2019, SBA filed a second motion to dismiss. (Doc. No. 27.) On March 4, 2019, Wells Fargo also filed a motion to dismiss. (Doc. No. 29.) On March 19, 2019, First American filed its opposition, stating that it did not oppose dismissal of the second cause of action, but otherwise contending that the FAC adequately states an implied indemnity claim against both cross-defendants. (Doc. No. 32.) SBA filed a reply on April 8, 2019, and Wells Fargo replied on April 9, 2019. (Doc. Nos. 35, 36.)

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth

of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on such a motion, the court may consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

**ANALYSIS**

**A.  Request for Judicial Notice**

Before addressing the merits of the pending motions, the court first analyzes First American's request for judicial notice. (Doc. No. 32-1.) First American asks the court to take judicial notice of five documents, all of which are attached to the request: (1) a deed of trust secured by the real property commonly known as 222 Sutter Street, Stockton, California, dated January 23, 2006 and recorded in the Official Records of San Joaquin County on January 25, 2006 as Instrument Number 2006-017939 (the "SBA Deed of Trust"); (2) the assignment of the SBA Deed of Trust to SBA dated January 23, 2006 and recorded in the Official Records of San Joaquin County on January 25, 2006 as Instrument Number 2006-017940; (3) plaintiffs' complaint filed in the Stanislaus County Superior Court on April 16, 2018; (4) First American's cross-complaint filed in Stanislaus County Superior Court on May 23, 2018, which was removed to this federal court on August 6, 2018; and (5) First American's FAC filed in this action on January 4, 2019. (*Id.* at 2.)

5

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee*, 250 F.3d at 688 (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)). Doing so converts a motion to dismiss for failure to state a claim under Rule 12(b)(6) into a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). However, courts recognize two exceptions to this rule: "the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The Ninth Circuit has explained the incorporation-by-reference doctrine as follows:

> [I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.

*Id.* at 1002. Even if not directly attached to a complaint, a document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). However, a complaint's "mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *see also Khoja*, 899 F.3d at 1002 (noting that "if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims.").

Meanwhile, Federal Rule of Evidence 201 permits courts to take judicial notice of an adjudicative fact if that fact "is not subject to reasonable dispute" because it either "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonable be questioned." Fed. R. Evid. 201(b). However, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. For this reason, courts should not to take judicial notice of a fact contained within a document if that fact "is subject to varying interpretations, and there is

reasonable dispute as to what [the document] establishes." *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011).

The court takes judicial notice of the first and second items requested by First American because they are incorporated by reference into the operative complaint. This action involves a determination of the rights and obligations of the parties vis-à-vis the SBA Deed of Trust and its assignment to SBA. "The basis of [First American's] claim" is that by operation of those documents, SBA and Wells Fargo are required to indemnify First American in the event that it is found to be liable to plaintiffs. *See Ritchie*, 342 F.3d at 908. Courts routinely take judicial notice of deeds of trusts and subsequent assignments thereof, and this court will do likewise. *See, e.g.*, *Almutarreb v. Nationstar Mortg. Holdings*, No. 15-CV-05207-DMR, 2016 WL 3384067, at *2 (N.D. Cal. June 20, 2016); *Pineda v. Mortg. Elec. Registration Sys., Inc.*, No. EDCV 13-2089-JLS, 2014 WL 346997, at *1 (C.D. Cal. Jan. 29, 2014); *Sunbelt Rentals v. Hawks Truck Stop*, No. 2:10-cv-00690-MCE-GGH, 2010 WL 1729165, at *1 (E.D. Cal. Apr. 27, 2010).

The court also takes judicial notice of the third, fourth, and fifth documents because they are all documents that have been filed in this litigation. "It is well established that a court may take judicial notice of its own records." *United States v. Author Servs., Inc.*, 804 F.2d 1520, 1523 (9th Cir. 1986) (citing *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 157 (1969)), *as amended*, 811 F.2d 1264 (9th Cir. 1987), *and overruled on other grounds by United States v. Jose*, 131 F.3d 1325 (9th Cir. 1997). Though the court will grant First American's unopposed request for judicial notice, the parties are, however, "advised for future reference that [they] need not seek judicial notice of documents filed in the same case." *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015) (citing *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 954, 960 (N.D. Cal. 2014)).

**B.     Whether the FAC States a Claim for Relief**

Turning to the substance of the motions to dismiss, both SBA and Wells Fargo argue that the FAC fails to adequately allege an implied contractual indemnity claim because it fails to allege the existence of a contract between First American and either SBA or Wells Fargo. (Doc.
/////

No. 27-1 at 4–6; 29 at 5.) Wells Fargo also moves for dismissal on the ground that it is not jointly and severally liable to First American. (Doc. No. 29 at 5–7.)

Due to the manner in which First American has constructed its pleading, there has been some degree of confusion regarding what claims First American is asserting, and against whom they are asserted. The FAC asserts a claim for implied indemnity against both Wells Fargo and SBA, as well as a cause of action under California Civil Code § 2941 against those same parties.[1] The parties to this action appear to have construed this as a claim for implied contractual indemnity, which is a form of equitable indemnity. *See Prince v. Pac. Gas & Elec. Co.*, 45 Cal. 4th 1151, 1157 (2009) ("Though not extinguished, implied contractual indemnity is now viewed simply as a form of equitable indemnity.") (internal quotations omitted). With that understanding, the court will do likewise. *See Denari v. U.S. Dry Cleaning Servs. Corp.*, No. 1:17-CV-0031 AWI BAM, 2017 WL 2779051, at *5 n.4 (E.D. Cal. June 27, 2017) ("The Court reads [plaintiff's] 'implied indemnity' cause of action as alleging 'implied contractual indemnity.'").

However, because of what First American's counsel referred to at the hearing as "a mistake made in [her] office," the complaint inadvertently omitted an additional cause of action against Wells Fargo for equitable indemnity. In the court's prior order, the undersigned dismissed that claim specifically as against the SBA (but not against Wells Fargo) after finding that it was barred as against the SBA by the doctrine of derivative jurisdiction. (Doc. No. 18.) Nonetheless, because First American subsequently filed an amended complaint, that claim as set forth in the original complaint was extinguished in its entirety, including as against Wells Fargo. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *Xoss v. County of Los Angeles*, No. CV 12-1400 PSG (RZx), 2014 WL 12628449, at *1 n.1 (C.D. Cal. July 18, 2014) ("To remind Plaintiffs, because they filed a second amended complaint, the first amended

---

[1] Both Wells Fargo and SBA have moved for dismissal of First American's claim brought under § 2941. (Doc. Nos. 27 at 9; 29 at 8.) In its opposition, First American states that it does not oppose dismissal of this cause of action. (Doc. No. 32 at 4 n.1.) The court accordingly will dismiss this cause of action with prejudice as unopposed. Not for the first time (*see* Doc. No. 18 at 4 n.1), the parties are reminded of their obligations to meet and confer prior to the filing of motions as set forth in the court's standing order, which is intended to avoid such circumstances.

complaint is now dead."). Because no equitable indemnity claim is alleged in the FAC, the court expresses no opinion on it in resolving the pending motions to dismiss. *See Associated Gen. Contractors of Cal.*, 459 U.S. at 526 ("It is not, however, proper to assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the antitrust laws in ways that have not been alleged."). Therefore, if First American wishes to amend its complaint in response to this order, it is obligated to include all causes of action in that amended complaint unless those claims have already been dismissed with prejudice and without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (*en banc*). The court accordingly proceeds to consider the sole remaining claim for implied contractual indemnity against SBA and Wells Fargo.

Both SBA and Wells Fargo argue that to state a claim based upon implied contractual indemnity, a plaintiff must adequately allege the existence of a contract between the indemnitor and indemnitee. (Doc. No. 27-1 at 5; Doc. No. 29 at 5.) In its brief, First American does not appear to oppose this proposition. (*See* Doc. No. 32 at 9.) The existence of a contract between the parties is indeed a prerequisite to stating an implied contractual indemnity claim. *See Garlock Sealing Techs., LLC v. NAK Sealing Techs. Corp.*, 148 Cal. App. 4th 937, 968 (2007) ("Implied contractual indemnity is a type of equitable indemnity predicated on the indemnitor's breach of contract with the indemnitee.") (internal citation omitted), *as modified on denial of reh'g* (Apr. 17, 2007); *Jocer Enters., Inc. v. Price*, 183 Cal. App. 4th 559, 573 (2010) (citing *Prince*, 45 Cal. 4th at 1159) ("[I]mplied contractual indemnity presupposes a contractual relationship that supports a right to indemnification not rooted in an express contract term."); *Bear Creek Planning Comm. v. Title Ins. & Tr. Co.*, 164 Cal. App. 3d 1227, 1239, (1985) (stating that an action for implied contractual indemnity is "grounded upon the indemnitor's breach of duty owing to the indemnitee to properly perform its contractual duties"), *disapproved of on other grounds by Bay Dev., Ltd. v. Superior Court*, 50 Cal. 3d 1012 (1990). Relying on this rule, SBA and Wells Fargo argue that any implied contractual indemnity claim against them fails because First American does not and cannot allege the existence of a contract between them. (Doc. No. 27-1 at 5; Doc.
/////

9

No. 29 at 5.) The court must therefore analyze whether the FAC adequately alleges the existence of a contract.

There is a split of authority among federal district courts in California with respect to what allegations a complaint must include to adequately allege the existence of a contract. The majority rule appears to be that the question of whether a complaint adequately alleges the existence of a contract is governed by the pleading standards set forth in the Federal Rules of Civil Procedure and the cases interpreting those rules. *See, e.g.*, *Nikoopour v. Ocwen Loan Servicing, LLC*, No. 17CV2015-MMA (WVG), 2018 WL 1035210, at *4 (S.D. Cal. Feb. 23, 2018); *Iglesia Cristiana Luz Y Verdad v. Church Mut. Ins. Co.*, No. 15-CV-05621-RMW, 2016 WL 692839, at *3 (N.D. Cal. Feb. 19, 2016); *Griffin v. Green Tree Servicing, LLC*, No. CV-14-9408-MWF (VBKx), 2016 WL 6782763, at *5 (C.D. Cal. Feb. 5, 2016); *Celebrity Chefs Tour, LLC v. Macy's, Inc.*, No. 13-CV-2714 JLS KSC, 2014 WL 1664272, at *3 (S.D. Cal. Apr. 25, 2014); *James River Ins. Co. v. DCMI, Inc.*, No. C 11-06345 WHA, 2012 WL 2873763, at *3 (N.D. Cal. July 12, 2012); *Boland, Inc. v. Rolf C. Hagen (USA) Corp.*, 685 F. Supp. 2d 1094, 1102 n.7 (E.D. Cal. 2010). A minority of district courts apply the California pleading standards set out in *Otworth v. Southern Pacific Transportation Co.*, 166 Cal. App. 3d 452, 458 (1985), which require plaintiffs to plead the existence of a contract in greater detail.[2] *See Guilarte v. Monti*, No. 16-CV-01726-MMC, 2017 WL 168475, at *2 (N.D. Cal. Jan. 17, 2017); *Haynes v. Bank of Am.*, No. CV 09-3579-VBF(SSX), 2009 WL 10680861, at *7 (C.D. Cal. Sept. 9, 2009); *Campbell v. Allstate Ins. Cos.*, No. CV-95-1171-WDK, 1995 WL 376926, at *2 (C.D. Cal. May 17, 1995). Although it may make little difference in the final analysis, the undersigned agrees

---

[2] The state appellate court in *Otworth* held that in a breach of contract action, "the complaint must indicate on its face whether the contract is written, oral, or implied by conduct." 166 Cal. App. 3d at 458–59. Further, if the action is based on an alleged breach of a written contract, "the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference." *Id.* at 459. *Otworth* has been criticized by more recent California court decisions for having misread relevant precedent, with one California Court of Appeal decision suggesting that the holding in *Otworth* has been overturned by intervening authority from the California Supreme Court. *See Miles v. Deutsche Bank Nat'l Tr. Co.*, 236 Cal. App. 4th 394, 402 (2015) (citing *Constr. Protective Servs., Inc. v. TIG Specialty Ins. Co.*, 29 Cal. 4th 189, 199 (2002), *as modified* (Nov. 14, 2002)).

with the majority approach and will apply federal pleading standards in resolving the question of whether First American has adequately pleaded the existence of a contract here.

To adequately allege the existence of a contract, "mere legal conclusions that a contract existed . . . will be insufficient to survive a motion to dismiss." *Garibaldi v. Bank of Am. Corp.*, No. C 13-02223 SI, 2014 WL 172284, at *3 (N.D. Cal. Jan. 15, 2014) (citing *Iqbal*, 556 U.S. at 679). Thus, First American's allegation in the FAC that Wells Fargo and SBA "impliedly covenanted and contracted to defend, indemnify, and hold harmless" First American is a mere legal conclusion and not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 681. To pass scrutiny under Rule 8, a plaintiff must "identify with specificity the contractual obligations allegedly breached by the defendant." *Misha Consulting Grp., Inc. v. Core Educ. & Consulting Sols., Inc.*, No. C-13-04262-RMW, 2013 WL 6073362, at *1 (N.D. Cal. Nov. 15, 2013). The only factual allegations of the FAC that even arguably satisfy this standard are found in paragraph six. That paragraph alleges that on or about February 20, 2014, First American, pursuant to a demand from Wells Fargo and/or SBA, paid $108,736.75 in full satisfaction of the loan secured by the SBA Deed of Trust. (FAC at ¶ 6.) Despite this payment, First American alleges that Wells Fargo and SBA failed to reconvey the SBA Deed of Trust "despite [First American's] request and [Wells Fargo and the SBA's] obligation to do so." (*Id.*)

At the hearing on the pending motion, counsel for First American fleshed out this theory of liability. As the court now understands it, prior to the demand from Wells Fargo and/or SBA, First American sent one or both of those parties a "request for payoff demand." In First American's telling, that request, when combined with the demand for payment from Wells Fargo and/or SBA and the payment by First American of $108,736.75, amounted to formation of a contract as well as performance of that contract on the part of First American. As counsel for SBA points out, however, these allegations relating to a "request for payoff demand" were mentioned nowhere in the FAC. The FAC states only that Wells Fargo and/or SBA demanded payment and that First American thereafter paid them. Among other things, such an arrangement appears to lack consideration: there is no indication that Wells Fargo and/or SBA agreed to do anything in response to payment by First American. *See Jara v. Suprema Meats, Inc.*, 121 Cal.

App. 4th 1238, 1249 (2004) ("'To constitute consideration, a performance or a return promise must be bargained for. . . . A performance or return promise is bargained for if it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise.'") (quoting Restatement (Second) of Contracts § 71 (1981)). The court is aware of no instance in which a demand for payment, followed by payment pursuant to that demand, amounts to the formation of a contract. On that basis, the court agrees with Wells Fargo and SBA that First American has not adequately alleged the existence of a contract. Accordingly, First American's implied contractual indemnity claim will be dismissed.

Nonetheless, the court finds that First American's request for leave to file a second amended complaint is well taken. Federal Rule of Civil Procedure 15 instructs courts to "freely give leave when justice so requires" and that rule is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citations omitted). Amendment here is particularly appropriate in view of the pleading deficiencies already identified above. Moreover, while the court has found that First American's allegations with respect to the existence of a contract are inadequate as set forth in the operative complaint, the court also concludes that additional allegations may well establish the existence of a contract sufficient to survive a motion to dismiss. Because the court does not find that granting leave to amend in this case is futile, and because it would not cause "undue prejudice to the opposing party," the court will grant First American's request for further leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**CONCLUSION**

For the reasons set forth above,

1. The motions to dismiss filed by the U.S. Small Business Administration and Wells Fargo Bank, N.A. (Doc. Nos. 27, 29) are granted;
2. The First Amended Complaint (Doc. No. 20) is dismissed with leave to amend; and

/////

/////

12

3. First American shall have twenty-one days from the date of service of this order in which to file a Second Amended Complaint.

IT IS SO ORDERED.

Dated: **June 20, 2019**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE